Piecraft Wantagh, LLC v Willow Wood Assoc., L.P. (2023 NY Slip Op 02687)

Piecraft Wantagh, LLC v Willow Wood Assoc., L.P.

2023 NY Slip Op 02687

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-03933
 (Index No. 603816/18)

[*1]Piecraft Wantagh, LLC, plaintiff-appellant, 
v
Willow Wood Associates, L.P., defendant/counterclaim plaintiff-respondent; Thomas Corning, et al., counterclaim defendants-appellants.

McLaughlin & Stern, LLP, Garden City, NY (Christian Browne of counsel), for plaintiff-appellant and counterclaim defendants-appellants.
Law Offices of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Gary Weintraub of counsel), for defendant/counterclaim plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, which was consolidated with a summary proceeding, inter alia, to recover unpaid rent, the plaintiff and the counterclaim defendants appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated May 11, 2020. The order, insofar as appealed from, granted the defendant/counterclaim plaintiff's motion for summary judgment dismissing the complaint and on the issue of liability on its counterclaims against the plaintiff and the counterclaim defendants Thomas Corning and Shawn Zimberg to recover unpaid rent, and, in effect, denied those branches of the cross-motion of the plaintiff and the counterclaim-defendants Thomas Corning and Shawn Zimberg which were for summary judgment on the first, second, and fifth causes of action and pursuant to CPLR 3025(c) to conform the complaint to the evidence.
ORDERED that the appeal is dismissed, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (Piecraft Wantaugh, LLC v Willowood Assoc., L.P., ___ AD3d ___ [Appellate Division Docket No. 2021-03182; decided herewith]; see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court